UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFOSINT S.A., :
:
                  **Plaintiff,** :
:       **MEMORANDUM**
   - against - :       **OPINION & ORDER**
:       06 Civ. 2869 (LAK) (RLE)
H. LUNDBECK A.S., et al., :
:
               **Defendants.** :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Pending before this Court is plaintiff, Infosint S.A.'s ("Infosint"), motion for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c)(7).  Infosint and defendants, H. Lundbeck A.S., Lundbeck Inc., and Forest Laboratories, Inc. (collectively, "Lundbeck"), agree that a protective order is necessary to protect the confidential information being exchanged between the parties and are ready to enter into a stipulated agreement, but disagree as the scope of the proposed order.  Infosint requests that the protective order permit information designated as confidential to be accessible to all parties' designated counsel whereas Lundbeck proposes an order in which confidential information would be available to all counsel but only United States trial counsel would have access to information designated by the parties as highly confidential. For the reasons set forth below, Infosint's request is **GRANTED, in part,** and **DENIED, in part**.

## II.  BACKGROUND

Infosint, as owner of two patents that claim processes for the synthesis of the drug citalopram, brings this action for infringement against Lundbeck.  Infosint S.A.'s Memorandum

in Support of its Motion for Entry of Protective Order ("Pl. Mem.") at 1.  Infosint claims that Lundbeck has infringed upon its patents by marketing products made by the claimed processes in the United States.  **Id**.  Because the nature of discovery in this case requires the production of trade secrets and other confidential material, all parties agree that a protective order is necessary.  **Id**.  The parties' dispute is over whether two of Infosint's designated counsel, Stefano de Bosio and Gianfranco Dragotti, will have full access to the information designated as confidential.  Infosint relies on de Bosio, an attorney with an Italian law firm, Studio Legale Nodari & Associati, for commercial and corporate legal advice.  **Id**. at 4, 6.  Dragotti is also an attorney with an Italian law firm, Dragotti & Associati.  **Id**. at 4.  Dragotti advises Infosint on patent issues.  **Id**.

  Infosint's proposed protective order designates one category of materials, comprised of trade secrets or other proprietary information, as confidential.  **Id**, Exh. A at 1.  Access to this information by counsel would be limited to outside counsel for all parties who have entered an appearance in this litigation: de Bosio, Paolo Nodari, and Dragotti, outside Italian counsel for Infosint; and Charles Ryan, John Meidahl Petersen, and Thomas Kirkback, in-house counsel for Lundbeck.  **Id**, Exh. A at 3.  Lundbeck objects, arguing that Infosint's proposed order does not adequately safeguard the highly sensitive information Lundbeck is disclosing.  Defendants' Memorandum in Opposition to Plaintiff's Motion for Entry of a Protective Order ("Def. Mem.") at 1.  In the alternative, Lundbeck suggests a protective order with two levels of confidentiality.  **Id**., Exh. A at 1.  Trade secrets and other proprietary information would be designated as confidential and available to all counsel listed above.  **Id**., Exh. A at 2-4.  In addition, each side would be permitted to designate certain information as "Outside Counsel Eyes Only."  **Id**., Exh.

2

A at 2. This category would presumptively include "pending patent applications, current manufacturing processes, and ongoing research and development concerning 5-carboxyphthalide and/or citalopram and/or processes for making them." **Id**. Only outside counsel for all parties and Paolo Nodari, Italian counsel for Infosint,[1] would have access to the information designated as "Outside Counsel Eyes Only." Infosint's Italian counsel, de Bosio, and its patent attorney, Dragotti, as well as Lundbeck's in-house counsel, would have the information designated as confidential available to them, but would be denied access to information classified as "Outside Counsel Eyes Only."

## II.  DISCUSSION

### A.  Standard of Review

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). Rule 26(c)(7) authorizes courts, for good cause shown, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . " FED. R. CIV. P. 26(c)(7). "The party seeking a protective order has the burden of demonstrating that good cause exists for issuance of the order." **Uniroyal Chem. Co. v. Syngenta Crop Prot.**, 224 F.R.D. 53, 56 (D. Conn. 2004) (*internal citations omitted*); *see also* **Dove v. Atlantic Capital Corp**., 963 F.2d 15, 19 (2d Cir.1992) (citations

---

[1]Nodari's access to the information would be contingent upon him signing a confidentiality agreement, proposed by Lundbeck, which would subject him to the jurisdiction of this Court.

omitted). More than "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning," good cause requires "the moving party [to] demonstrate that 'disclosure will work a clearly defined and very serious injury.'" **Uniroyal Chem. Co.**, 224 F.R.D. at 56 (*internal citations omitted*).

"Whether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." **Id**. at 56-57. Protective orders limiting access to highly confidential information to counsel and experts "are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." **Vesta Corset Co., Inc. v. Carmen Foundations, Inc.**, 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (*internal citations omitted*). Here, the information the parties seek to protect consists of trade secrets and other confidential or proprietary information not known to the public or the receiving party. Pl. Mem., Exh. A at 1. The action concerns the alleged infringement by Lundbeck of patents, held by Infosint, the subject of which is a "novel method of making one of the intermediates in the overall . . . synthesis" of the drug citalopram. **Id**. at 1. As the parties themselves anticipate, discovery will necessarily involve the exchange of proprietary information, the disclosure of which is likely to cause economic harm. – is appropriate subject matter for a protective order. Therefore, this information merits a protective order pursuant to Rule 26(c)(7).

**B. Balancing of Competing Interests**

"Where a party seeks a protective order restricting the scope of discovery of technical,

proprietary information, the court should balance . . . 'the interests in full disclosure of relevant information and reasonable protection from economic injury.' (***internal citation omitted***) Relevant considerations in striking this balance include: 1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent, 2) the risk of inadvertent disclosure of proprietary information, 3) the hardship imposed by the restriction, 4) the timing of the remedy and, 5) the scope of the remedy." **Uniroyal Chem. Corp.**, 224 F.R.D. at 57 (***internal citations omitted***). "The competing interests to be evaluated in determining the outcome of such a dispute are one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors." **Medimmune, Inc. v. Centocor, Inc.**, 271 F. Supp. 2d 762 (D. Md. 2003) (***internal citations omitted***).

      Whether a protective order should bar access to information by one party's attorney depends on the potential for "inadvertent or accidental disclosure." **U.S. Steel Corp. v. United States**, 730 F.2d 1465, 1468 (Fed. Cir. 1984). When conducting an inquiry, courts have adopted a case-by-case analysis, rather than a category-based exclusion policy, looking at "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party." **Id**. "[P]roper review of protective orders in cases such as this requires the district court to examine factually all the risks and safeguards surrounding inadvertent disclosure by *any* counsel, whether in-house or retained." **Brown Bag Software v. Symantec Corp**, 960 F.2d 1465, 1470 (9th Cir. 1992) (***emphasis in original***). The inquiry should not be directed at any one attorney's own ethical standards or record. **Mikohn Gaming Corp. v. Acres Gaming Inc.**, 50 U.S.P.Q. 2d 1783, 1784 (D. Nev. 1998). "Even if the competitor's counsel acted in the best of

5

faith and in accordance with the highest ethical standards, the question remains whether access to the moving party's confidential information would create 'an unacceptable opportunity for inadvertent disclosure.'" **Id**. (*quoting* **U.S. Steel Corp. v. United States**, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).

Lundbeck's proposed two-tier system of confidentiality would exclude Infosint's Italian counsel, de Bosio, and its patent attorney, Dragotti, from having access to information designated as "highly confidential."  Def. Mem. at 1-2.  Lundbeck's proposed order would also prevent disclosure of Infosint's "highly confidential" information to its own in-house counsel.  **Id**. Infosint's proposed order would permit all information designated as confidential under the protective order to be available to the above-named attorneys, as well as Infosint's Italian counsel, Nodari, and all parties' U.S. trial counsel.  Pl. Mem. at 3.

## C.  Scope of the Protective Order

Whether it is appropriate for Dragotti and de Bosio to be denied access to Lundbeck's "highly confidential" information depends on whether they are involved in competitive decision-making, thereby creating a risk of inadvertent disclosure, and, if so, the hardship their exclusion would impose on Infosint.

### 1.  Patent Counsel, Gianfranco Dragotti

Infosint does not have an in-house patent function, and instead relies on Dragotti, "a widely known and respected member of the Italian and European patent bars," for patent issues. Pl. Mem. at 4; **id**. at 7; **id**., Exh. C ¶ 3.  Dragotti has been providing Infosint with scientific and legal advice since 2000.  **Id**, Exh. C ¶ 6.  Dragotti is neither an officer nor employee of Infosint, and is not involved in "business decisions regarding competitors of Infosint."  **Id**. at 6; **id**., Exh.

6

C ¶ 8. Dragotti's "advice to Infosint does not relate to matters regarding the prosecution of Infosint's pending or future patent applications." Infosint S.A.'s Reply Memorandum in Support of its Motion for Entry of Protective Order ("Pl. Reply"), at 2. While Dragotti's firm does prosecute patents for Infosint, Dragotti "was not substantively involved in the prosecution of the applications leading to the patents in suit, nor is he personally involved in the prosecution of any pending applications related to the patents in suit." Pl. Mem. at 8; Pl. Mem., Exh. C ¶ 7.

Lundbeck alleges, though without specifying how, that Dragotti's declaration "make[s] it clear that [he] is involved in competitive decision making for Infosint." Def. Mem. at 2. Lundbeck also argues that Dragotti should be denied access to "highly confidential" information because he "is the principal of Dragotti & Associati, a firm that is involved in the ongoing prosecution of Infosint's patent applications relating to the technology at issue in this litigation, including a continuation application of one of the patents-in-suit." **Id**.

"Several courts have determined that advice related to patent prosecution and advice on the scope of patent claims constitute competitive decision-making." **Andrx Pharmaceuticals, LLC v. Glaxosmithkline, PLC**, 236 F.R.D. 583, 586 (S.D. Fl. 2006) (*internal citations omitted*). "Prosecuting patent applications 'involves decisions of scope and emphasis' that implicate competitive decision making, as claims may be drafted to 'read on new products and new directions where [a party] projects] sales to be most critical.'" **Commissariat A L'Energie Atomique v. Dell Computer Corp.**, 2004 WL 1196965, at *2 (D. Del. May 25, 2004) (*quoting* **Motorola**, 1994 WL 16189689, at *4) (finding that plaintiff's patent attorneys' current prosecution of patent applications related to the subject matter of the suit created a high risk of inadvertent disclosure of confidential information).

7

Based on the record before the Court, it appears that Dragotti is involved in competitive decision-making with regard to Infosint. For nearly seven years, Dragotti has provided Infosint with patent advice, based on his scientific and legal expertise. While he did not prosecute the patent asserted in this litigation himself, he was, by his own omission, involved in his firm's prosecution of the patent, at least to some degree. While he has offered to refrain from "any involvement in such prosecution in the future," he has not made the same offer with respect to his firm as a whole. Pl. Mem., Exh. C ¶ 7. Dragotti's position as the only named partner in the firm also increases the likelihood of inadvertent disclosure, since the members of the firm who are prosecuting the patents at issue will be under Dragotti's supervision. *See* **Andrx Pharmaceuticals, LLC**, 236 F.R.D. at 587 (finding that small size of firm increased chance of accidental disclosure of confidential information).

Infosint claims that it will be harmed by Dragotti's exclusion because neither Nodari nor de Bosio are technically trained and, therefore, cannot "advise Infosint effectively with respect to the technical patent issues." **Id**. at 5, 7. Infosint' states that it "desires to have the advice and counsel of its trusted European patent counsel." Pl. Reply at 4. Lundbeck's counter-argument is two-fold. First, it claims that Infosint "has failed to explain how restricting access to [Lundbeck's] highly sensitive material to U.S. counsel of record and one Italian counsel could impose an undue hardship." Def. Mem. at 3. Lundbeck notes that Infosint's experts will have access to all information, thereby being able to give technical assistance. **Id**. at 8. Second, it argues that Dragotti will still have access to the vast majority of information produced, and, if necessary, Infosint's U.S. counsel will be able to seek Dragotti's advice without disclosing the substance of the "highly confidential" material. **Id**. at 3-4.

If counsel is determined to be involved in competitive decision-making, the issue is whether there is a demonstrated a need for access to the documents sufficient to outweigh the concerns such access gives rise to.  **Quotron Systems, Inc. v. Automatic Data Processing, Inc.**, 141 F.R.D. 37, 40 (S.D.N.Y. 1992); *see also* **Vesta Corset Co., Inc.**, 1999 WL 13257, at *3. A confidentiality order that excludes in-house counsel may be found to cause minimal prejudice when "[o]utside counsel has been involved in this litigation from the beginning and is fully familiar with the facts." **Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.**, 1994 WL 177795, at *3 (S.D.N.Y. May 5, 1994).  When the challenged counsel is also litigation counsel, courts have permitted access, but with controls tailored to prevent accidental disclosure.  *See, e.g.,* **Motorola, Inc. v. Interdigital Tech. Corp.**, 1994 WL 16189689, at *4 (D.Del. Dec. 19, 1994) (permitting patent prosecution firm to build a "Chinese wall" so that attorneys could continue prosecuting patents but attorneys who had access to confidential information could continue representing plaintiff in litigation); **Commissariat A L'Energie Atomique v. Dell Computer Corp.**, 2004 WL 1196965, at *2 (D. Del. May 25, 2004).

Infosint has not provided a sufficiently compelling reason why Dragotti should have access to Lundbeck's most confidential information.   In its submissions to the Court, Infosint had made conclusory assertions of importance, but has not shown how or why Dragotti's access to the information in question "is critical to the prosecution of its case." **Andrx Pharmaceuticals, LLC**, 236 F.R.D. at 587.  While Infosint's desire to have its trusted counsel involved in the litigation is understandable, Lundbeck's desire to keep its proprietary information protected is a superior interest.  The Court does not believe that Dragotti would be anything but ethical in his dealings with the information, but the opportunity for accidental disclosure or

subconscious influencing of actions or advice is too great.  This decision will not cause Infosint undue harm.  First, Dragotti is not Infosint's litigation counsel in this case, so access to the information is not crucial to prosecuting Infosint's claim.  Second, Dragotti will still have access to all information designated as confidential, but will only be denied access to "pending patent applications, current manufacturing processes, and ongoing research and development concerning 5-carboxyphthalide and/or citalopram and/or processes for making them." Def. Mem., Exh. A at 2.

### 2. Italian Counsel, Stefano de Bosio

Infosint relies on de Bosio, as well as Nodari, for advice on commercial and corporate legal matters.  Pl. Mem. at 4, 6; id., Exh. B ¶¶ 3-4.  In this role, de Bosio does not "engage in competitive decision-making for Infosint," which Infosint defines as "decisions about pricing or product design made in light of similar or corresponding information about a competitor." Id. at 6.  A respected member of the Italian bar, de Bosio is not an officer or employee of Infosint. Id. at 6-7; id., Exh. B ¶¶ 2, 5.  He also agrees to be "subject to the jurisdiction of this court with respect to any dispute relating to" the protective order.  Id., Exh. B ¶ 7.  Lundbeck puts forth two primary arguments as to why de Bosio should not have access to the information.  Def. Mem. at 9-10. First, Lundbeck claims that "it is clear that" de Bosio is involved in competitive decision-making because Infosint's business is the holding and assertion of patent rights and, "under such circumstances, the principal business decisions . . . are likely to be made, or at least heavily influenced, by [Infosint's] legal advisers." Id. at 9.  Second, Lundbeck argues that de Bosio should be precluded from access to "highly confidential" information because he "is likely to be called as a fact witness in relation to [Lundbeck's] defenses of "license" and "arbitration and

10

award," based on his prior representation of Infosint's predecessors in interest." **Id**. at 3. Infosint argues that Lundbeck's desire to depose de Bosio is not a legitimate reason to deny him access to information because Lundbeck has failed to articulate any reason why taking his deposition is inconsistent with him having access. Pl. Mem. at 8; Pl. Reply at 5.

There has been no evidence presented by Lundbeck to contradict de Bosio's statement that he is not involved in competitive decision-making. Unlike advice on patent issues, there is no precedent that general corporate legal advice constitutes involvement in competitive decision-making. Therefore, the Court finds that de Bosio is not involved in competitive decision-making, "which is arguably the determinative factor in this analysis," **Amgen, Inc. v. Elanex Pharmaceuticals, Inc.**, 160 F.R.D. 134, 139 (W.D. Wa. 1994) (rejecting two-tier system of confidentiality proposed by defendant after finding that plaintiff's in-house counsel was not involved in competitive decision-making, in spite of defendant's argument that plaintiff had sufficient representation in outside counsel). As for Lundbeck's second argument, that their intention to call de Bosio as a fact witness should prevent him from having access to "highly confidential" information, there appears to be no rationale based on the subject matter on which de Bosio will potentially be deposed.

## IV. CONCLUSION

For the foregoing reasons, Infosint's motion for a protective order is **GRANTED, in part**, and **DENIED, in part**, and Infosint shall submit a proposed order, in accordance with this opinion, for the Court's consent by **May 22, 2007**.

**SO ORDERED this 16th day of May 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

12