UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| INFOSINT S.A.,                                   : | |
| : | |
| Plaintiff,           : | |
| : | **OPINION & ORDER** |
| - against -                   : | |
| : | **06 Civ. 2869 (LAK) (RLE)** |
| H. LUNDBECK A/S, et al.,              : | |
| : | |
| Defendants.        : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff, Infosint S.A. ("Infosint"), brings this action against defendants, H. Lundbeck A/S, Lundbeck, Incorporated, and Forest Laboratories, Incorporated (collectively, "Lundbeck"), for patent infringement.  Pending before this Court is Infosint's motion to amend the complaint pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure to add Forest Pharmaceuticals, Incorporated ("Forest Pharmaceuticals") as a defendant.  For the reasons which follow, Infosint's motion to amend is **GRANTED**.

## II.  BACKGROUND

On August 1, 2007, Infosint filed the instant motion seeking to add Forest Pharmaceuticals as a defendant in the action.  Memorandum in Support of Plaintiff Infosint S.A.'s Motion for Leave to Add Forest Pharmaceuticals, Inc. As a Defendant ("Pl. Mem."), at 1. Lundbeck filed an opposition, maintaining that Infosint has unduly delayed in bringing the motion, joinder would be prejudicial, and the motion is tainted by bad faith.  Memorandum of Law in Opposition to Infosint S.A.'s Motion for Leave to Add Forest Pharmaceuticals, Inc. As a Defendant ("Def. Mem."), at 1, 9, 14, 18.  Infosint argues that Lundbeck is responsible for the

delay in moving to amend, that it moved promptly once Lundbeck provided the information regarding Forest Pharmaceuticals, and that there will be no prejudice to Lundbeck should the Court grant the motion to amend.  Pl. Mem. at 1, 6, 10.

Forest Pharmaceuticals is responsible for the sale of the allegedly infringing drugs, Celexa and Lexapro, in the United States.  Def. Mem. at 1.  Forest Pharmaceuticals is a wholly-owned subsidiary of Forest Laboratories, which was named as a defendant by Infosint.  Pl. Mem. at 1.  Under the scheduling order entered by District Judge Lewis P. Kaplan, the deadline for amending the pleadings or joining additional parties was October 24, 2006.  Def. Mem. at 3.  No extensions of this date were ever granted.  **Id**.  Discovery was initially set to end on June 15, 2007, but, upon request by the parties, the Court extended the deadline to August 15.  Pl. Mem. at 3-4.

### III.  DISCUSSION

#### A.  The Legal Standard

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served.  FED. R. CIV. P. 15(a).  A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court.  **Id**.  Rule 15(a) specifies that leave to amend shall be freely given when justice so requires.  Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules ."  **Foman v. Davis**, 371 U.S. 178, 182 (1962).  It remains, however, within the discretion of the Court whether to allow amendment, and the

Court may deny permission to amend in whole or in part.  **Id**.; **John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994).  An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendant.  **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

**B.  Newly Named Defendant**

The addition of new parties to an action is governed by Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  FED. R. CIV. P. 21; *see also* **Chowdhury v. Haveli Rest., Inc.**, 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005).  In deciding whether a party may be added under this rule, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15."  **Soler v.. G & Y, Inc.**, 86 F.R.D. 524, 528 (S.D.N.Y. 1980).  The Court has discretion to determine whether additional parties should be included in a pending action.  **Id**. at 528.

Here, it is clear that the motion to amend is late, as the deadlines both to amend the complaint and for fact discovery have passed.  Lundbeck claims that Infosint was on notice that none of the named defendants imported or sold the infringing product in the United States because Lundbeck's response denied the accusations contained in the complaint.  Def. Mem. at 10-11.  Lundbeck also argues against Infosint's motion to amend on the ground that Lundbeck did not attempt to hide Forest Pharmaceuticals's identity.  **Id**. at 12.  However, mere delay is not a basis for denying a motion to amend, absent a showing of bad faith or undue prejudice to the nonmoving party. *See* **Block v. First Blood Associates**, 988 F.2d 344, 350 (2d Cir. 1993);

**Richardson Greenshields Securities, Inc. v. Lau**, 825 F.2d 647, 653 n. 6 (2d Cir. 1987); **Hazeldine v. Beverage Media**, Ltd., 954 F. Supp. 697, 710 (S.D.N.Y. 1997).  Moreover, it does not appear that Lundbeck is claiming that Infosint delayed in moving to amend after learning of the proper party's identity, but rather that it should have acted faster, either before filing suit or after initiation of discovery, to discover the proper parties.  Because mere delay is not a sufficient basis on which to deny the claim, unless there is undue prejudice to Lundbeck or bad faith on the part of Infosint, the amendment will be allowed.  *See* *Id*.

Lundbeck claims that permitting the amendment of Forest Pharmaceuticals will prejudice the existing defendants because it will cause delay in the current proceedings.  Def. Mem. at 14-15.  Lundbeck asserts that Forest Pharmaceuticals will be entitled to its own period of discovery, and that such an extension of the discovery period would allow Infosint "to request additional burdensome and unnecessary discovery" from Lundbeck.  **Id**. at 16.  However, Infosint has represented that it will not seek additional discovery should its motion to amend be granted.  Reply Memorandum in Support of Plaintiff Infosint S.A.'s Motion for Leave to Add Forest Pharmaceuticals, Inc. As a Defendant ("Pl. Reply"), at 4.  To the extent that Forest Pharmaceuticals is a wholly-owned subsidiary of Forest Laboratories, Incorporated, a current defendant, and will be represented by Lundbeck's counsel, any additional discovery Forest Pharmaceuticals wishes to seek should not impose any burdens on Lundbeck.  Other than a slight delay permitting a short discovery period for Forest Pharmaceuticals alone, which would only be ordered should Forest Pharmaceuticals request it, Lundbeck has failed to demonstrate what prejudice would result from permitting the proposed amendment.

Finally, there is no indication that the amendment is being sought in bad faith. Therefore, the only factor arguing against granting Infosint's motion to amend to add Forest Pharmaceuticals is the prejudice of a slight delay in the case's progress in order to allow Forest Pharmaceuticals to conduct discovery. Were the Court to deny the amendment, however, it would have to resolve the same issues through two entirely separate actions, the instant case and a newly filed action by Infosint against Forest Pharmaceuticals. This would violate Rule 1 of the Federal Rules of Civil Procedure, which mandates that a "just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Therefore, Infosint's motion to amend is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Infosint's motion to amend is **GRANTED**. Infosint **SHALL** move to add Forest Pharmaceuticals as a defendant within **twenty-one (21) days** of this Order.

**SO ORDERED this 28th day of August 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5