UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INFOSINT S.A.,

                        **Plaintiff,**

                - against -

LUNDBECK A/S, ET AL.,

                        **Defendants.**

**OPINION & ORDER**

**06 Civ. 2869 (LAK) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Infosint S.A.'s request to compel defendant Forest Laboratories, Inc. ("Forest Labs") to respond to plaintiff's deposition topics concerning Forest Lab's knowledge of the patent in suit. Following the parties written correspondence to the Court, the plaintiff's request to depose defendant Forest Labs is **GRANTED**. The deposition will be limited to one hour, and must take place by **November 14, 2007**.

## II. BACKGROUND

Plaintiff served a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on Forest Labs on May 11, 2007. Pl.'s Oct. 2, 2007 Letter, Ex. C: Notice of Dep. of H. Lundbeck A/S, Lundbeck, Inc., and Forest Laboratories, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6). Topic number five of the Deposition Notice specifically asked defendants when they became aware of the patents in suit. **Id**. at Ex. C, Schedule A no. 5. In response to this notice, defendants produced a witness for defendant Lundbeck A/S. Plaintiff alleges, however, that Forest Labs never produced a 30(b)(6) witness to answer this question and related questions found in plaintiff's March 20, 2007 (30)(b)(6) Deposition Notice. Pl.'s Oct. 9, 2007 Letter. Discovery

ended on August 15, 2007.  **Id**.

### III.   DISCUSSION

Defendants note that they were not served notice of the discovery deficiency until plaintiff's October 2, 2007 letter to the Court. Defs.' Oct. 5, 2007 Letter.  They argue that plaintiff's outstanding discovery request should be denied because it was brought to the Court's attention months after the close of discovery.  **Id**.  Plaintiff claims it brought the outstanding discovery issue to the Court's attention on September 19, 2007. Pl.'s Oct. 9, 2007 Letter. While it appears that the actual notice to the court did occur in a letter dated September 19, 2007, this is still one month after the August 15, 2007 discovery deadline.

Plaintiff argues that defendants first provided a 30(b)(6) witness for the relevant deposition topics in the last week of discovery.  **Id**.  At the deposition, plaintiff learned that the witness produced could only testify to Lumbeck's, and not to Forest Lab's, knowledge on relevant topics.  **Id**.  Plaintiff claims that they decided to wait to bring the matter to the Court's attention until the Forest Pharmaceutical deposition had taken place, hoping that the Forest Pharmaceutical witness would be able to answer questions related to Forest Lab's notice of the patent in suit.  **Id**.  For the convenience of defendants, this deposition was scheduled on August 24, 2007, after the scheduled end of factual discovery.  **Id**.  The witness was unable to answer questions related to Forest Labs, but plaintiff indicates that it planned to raise these outstanding issues at a scheduled September 18, 2007 conference before the Court.  **Id**. at Ex. B p. 150. This conference was rescheduled at the defendant's request, and plaintiff raised the issue in a letter to the Court on September 19, 2007.  **Id**.; Pl.'s Sept. 19, 2007 Letter.

## IV.   CONCLUSION

Because the Pretrial Order is not due until January 11, 2007, there is sufficient time to complete discovery. Defendants have indicated a willingness to submit written responses to the relevant deposition questions. Given the potential for further misunderstandings from written responses, a deposition appears more likely to result in clear answers. Plaintiff's request to depose Forest Labs is **GRANTED**. The deposition will be limited to one hour, and must be completed by **November 14, 2007**.

**SO ORDERED this 26th day of October 2007**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3