UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
INFOSINT, S.A.,

        Plaintiff,

   -against-                                 06 Civ. 2869 (LAK)

H. LUNDBECK A/S, et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

        James Wright Galbraith
        Maria Luisa Palmese
        Robert V. Cerwinski
        Merri C. Moken
        Esther Hagège
        KENYON & KENYON
        *Attorneys for the Plaintiff*

        Peter J. Armenio
        Ellen A. Scordino
        Jeanne M. Heffernan
        Melanie R. Rupert
        KIRKLAND & ELLIS LLP
        *Attorneys for the Defendants*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff charges defendants with infringing its patent on a process for the synthesis of a chemical compound used in the manufacture of certain pharmaceuticals by selling in the United States the antidepressant drug citalopram, which defendants allegedly made in part by using

plaintiff's patented process. The matter is before the Court on defendants' motion for summary judgment dismissing the complaint.

*Background*

Plaintiff Infosint, S.A. ("Infosint") owns U.S. Patent 6,458,973 (the "'973 patent"), which claims an improved process for making the compound 5-carboxyphthalide, an intermediate product in the synthesis of citalopram. Citalopram is a well-known antidepressant marketed in the United States under the names Celexa and Lexapro.[1]

Defendants, H. Lundbeck A/S and subsidiary Lundbeck, Inc. (collectively "Lundbeck"), as well as Forest Laboratories, Inc., and Forest Pharmaceuticals, Inc. (collectively "Forest"), manufacture, market, and sell citalopram.[2] Lundbeck, a Danish corporation, and its suppliers manufacture the 5-carboxyphthalide used in Lundbeck's production of citalopram at seven facilities located outside of the United States.[3]

Defendants originally moved for summary judgment dismissing the complaint on the ground that none of the manufacturing processes used at any of the facilities that produce 5-carboxyphthalide for Lundbeck infringes plaintiff's '973 patent. As a result of this Court's claim construction decision,[4] however, defendants have narrowed the scope of their motion and now seek

---

[1] *See Infosint, S.A. v. H. Lundbeck A/S*, 603 F.Supp. 2d 748, 750 (S.D.N.Y. 2009).

[2] Ans. at 2-3.

[3] Ans. ¶ 2; *see generally* Def. Br. at 3; Coletti Dec. Ex. H (LUMSAS); Ex. N (LUPUK); Ex. X (LUPI); Ex. CC (CF Pharma); Ex. FF (Siegfried); Ex. II (SF Chem); Ex. KK (Blue Circle).

[4] *See Infosint*, 603 F.Supp. 2d 748.

in substance partial summary judgment dismissing only the claim of infringement based on the use by defendants of the 5-carboxyphthalide manufactured at the Blue Circle Corporation only.[5]

*Discussion*

A.   *Legal Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[6] The Court must view the facts in the light most favorable to the nonmoving party[7] and the moving party has the burden of demonstrating the absence of a genuine issue of material fact.[8] Where the burden of proof at trial would fall on the nonmoving party, however, it ordinarily is sufficient for the movant to point to a lack of evidence on an essential element of the nonmovant's claim.[9] In that event, the nonmoving party must come forward with admissible evidence[10] sufficient to raise a genuine issue of fact for trial or suffer an

---

[5]   Supp. Def. Br., dated Apr. 24, 2009, at 1.

Defendants, it is alleged, then used the 5-carboxyphthalide to manufacture citalopram and sell it in the United States.

[6]   *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *White v. ABCO Eng'g Corp.*, 221 F.3d 293, 300 (2d Cir. 2000).

[7]   *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997).

[8]   *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

[9]   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Virgin Atl. Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 273 (2d Cir. 2001).

[10]  *See infra* note 22 and accompanying text.

4

adverse judgment.[11]

B.   Analysis

A patentee may demonstrate infringement of its patent claim by either or both of two means. To prevail on a claim of literal infringement, the patentee must prove that the accused process contains each limitation found in the asserted claim.[12] If the accused process lacks even a single claim limitation, there is no literal infringement as a matter of law.[13] Alternatively, a process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe under the doctrine of equivalents if there is no substantial difference between the limitations of the claim and the accused process.[14] The "all limitations" rule applies also under the doctrine of equivalents. Thus, an accused process infringes only "if it contains each limitation of the claim, either literally or by an equivalent."[15]

Defendants argue that the Blue Circle process does not infringe claim 24[16] of the '973

---

[11] *See, e.g.*, *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

[12] *Bayer AG v. Elan Pharmaceutical Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).

[13] *Id.*

[14] *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005); *Bayer*, 212 F.3d at 1250.

[15] *Freedman*, 420 F.3d at 1358.

[16] Defendants originally sought summary judgment dismissing the claims of infringement with respect to claims 21 and 24 of the '973 patent. *See* Def. Br. at 1. As the Court previously invalidated claim 1 of the '973 patent and all claims dependent thereon, however, only claim 24 of the '973 patent remains at issue here. *See Infosint, S.A. v. H.*

5

patent because that process is run below 110º C at all times, whereas the claim is limited to reactions "heating the mixture at 120-145º C."[17] The only evidence they cite for that proposition is a one-page document marked Exhibit LL.[18]

Exhibit LL purports to be a photocopy of a letter from the Blue Circle Corporation. It is printed on corporate letterhead, dated October 12, 2007, and addressed to "whom it may concern" at H. Lundbeck A/S in Denmark. In place of the author's name and title, the signature block reads only, "Authorised Signatory." The signature itself is illegible.[19]

The body of the letter reads in its entirety:

"This declaration confirms that all batches of 5-Carboxyphthalide shipped to H. Lundbeck A/S or subsidiaries were manufactured by Blue Circle at wholly or

---

[17] *Lundbeck, A/S*, No. 06 Civ. 2869 (LAK), --- F. Supp.2d ----, 2009 WL 1479415 (S.D.N.Y. May 28, 2009).

The '973 patent claims in relevant part:

"23. A process for the preparation of 5-carboxyphthalide . . . which comprises adding formaldehyde (or a formaldehyde precursor) and terephthalic acid . . . to fuming sulfuric acid containing at least 20% of $SO_3$, heating the mixture at 120-145° C. and isolating the 5-carboxyphthalide thus obtained, wherein the process is conducted in an open, non-pressurized reactor.

"24. A process for the synthesis of citalopram, comprising the process for the synthesis of 5-carboxyphthalide according to claim 23."

Coletti Dec. Ex. G at col. 8:25-56.

As a result of the Court's claim construction decision, defendants do not press any arguments as to any other claim limitation. *See* Supp. Def. Br. at 1-2.

[18] *See* Def. Br. at 22; Def. Reply at 9-10; Supp. Def. Br., dated Apr. 24, 2009.

[19] Counsel's declaration provides no further information. It states only that the photocopy is "a true and accurate copy of Declaration signed by an authorized signatory for Blue Circle, dated October 12, 2007." Coletti Dec. at 6, ¶ 39.

partially owned facilities according to the following conditions:

- Oleum concentration at 65%
- Reaction temperature of not more than 110 degrees Celsius
- Reaction conducted at a pressure higher than atmospheric pressure

"The yearly production capacity of Blue Circle for 5-carboxyphthalide was as of October 2002 approximately 5-10 MT/yr.  In 2004 the capacity was 70-80 MT/yr.

"Blue Circle remains at your disposal for any further inquires."[20]

Federal Rule of Civil Procedure 56(e) provides that "[s]upporting and opposing affidavits [on summary judgment motions] shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."[21]  Were there any doubt as to its meaning, it long ago was eliminated by a parade of decisions making clear that only admissible evidence may be considered in passing on motions for summary judgment.[22]

Exhibit LL is not admissible evidence of the temperature at which the Blue Circle process is conducted.  Even assuming its authenticity,[23] its assertion that the temperature in that

---

[20] Coletti Dec. Ex. LL.

[21] FED. R. CIV. P. 56(e).

[22] *E.g.*, *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 371 (2d Cir. 2003); *Burt Rigid Box, Inc. v. Travelers Property Cas. Corp.*, 302 F.3d 83, 92 (2d Cir. 2002); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 123-24 (2d Cir. 2001); *Rotec Industries, Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1256-57 (Fed. Cir. 2000); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998); *Scosche Indus., Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681(Fed. Cir. 1997); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997).

[23] Counsel's declaration at least arguably fails to demonstrate his competence with respect to authenticity.

process does not exceed 110º C is an out-of-court statement offered to prove the truth of the matter asserted – in other words, it is paradigmatic hearsay and therefore not admissible.[24]  In any case, plaintiff's expert has opined that running a reaction to synthesize 5-carboxyphthalide on an industrial scale at less than 110º C would be "highly unlikely."[25]  Accordingly, even if Exhibit LL were admissible, there would be a genuine issue of material fact as to whether the Blue Circle process infringes claim 24 of the '973 patent.[26]

*Conclusion*

Defendants' motion for partial summary judgment [docket item 76] is denied.

SO ORDERED.

Dated:	June 26, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[24] FED. R. EVID. 801(c); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999); *ABB Indus. Systems, Inc. v. Prime Technology, Inc.*, 120 F.3d 351, 357 (2d Cir. 1997).

[25] Pl. Rule 56.1 St. Ex. 6 at 152:13-22.

[26] Any suggestion that Exhibit LL is admissible because it contains the word "declaration," would be misguided.  First, the document does not meet the requirements of a declaration under 28 U.S.C. § 1746.  The more fundamental problem, however, is that its contents do not meet the requirements of Federal Rule of Civil Procedure 56(e) that affidavits or declarations "be made of personal knowledge . . . and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." Exhibit LL provides no indication that the statements it contains are based on the author's personal knowledge or that the author would be competent to testify to those statements.  Indeed, the Court cannot ascertain from the document even the identity of this prospective witness.