UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
INFOSINT S.A.,

                 Plaintiff,

        -against-                                    06 Civ. 2869 (LAK)

H. LUNDBECK A/S, et. al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Currently pending before the Court is defendants' motion *in limine* to preclude use of plaintiff's proposed royalty base for damage calculations.

        Defendants argue that Infosint's damages expert Mark Gallagher improperly relied on the U.S. sales of defendants' antidepressants to arrive at an $11 billion figure for his royalty base. They assert that Infosint should be precluded from relying on this figure because plaintiff has failed to demonstrate a connection between customer demand for defendants' antidepressants and Infosint's patented process as they contend is required by the entire market value rule.

        Courts apply the entire market value rule when a patentee seeks damages on unpatented components sold with a patented component to determine whether the entire market value of the accused product as a whole rather than the portion of sales due to the patented component should be included in the damage calculation. *Tec Air, Inc. v. Denso Mfg. Mich., Inc.*, 192 F.3d 1353, 1362 (Fed. Cir. 1999); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995). Here, claim 24 of Infosint's '973 patent claims a process for the synthesis of citalopram, the active ingredient in defendants' antidepressants, in which the intermediate compound 5-carboxyphthalide is prepared as described in claim 23 of the same patent. Infosint therefore claims that defendants' antidepressants themselves – not a component compound of those pharmaceuticals – infringe claim 24 of the '973 patent. The entire market value rule does not apply. None of the cases defendants cite is to the contrary.

        Defendants argue also that Mr. Gallagher's testimony should be excluded because it rests on the premise that "the patent at issue is capable of blocking the sale of Celexa and Lexapro in the U.S.," a premise that they claim is incorrect. They contend that his opinion therefore should be excluded as insufficiently reliable to satisfy Fed. R. Evid. 702. Their argument, however, misconceives role of Rule 702 in this context.

        Mr. Gallagher proposes to give his opinion as to a reasonable royalty in the event

infringement is found. His proposed testimony quite properly takes into account the obvious fact that the reasonableness of a royalty, assuming infringement, obviously would be affected by the existence or non-existence of non-infringing means of manufacturing 5-carboxyphthalide on the required scale, a subject as to which he is not qualified, and does not propose, to testify. Plaintiff relies on other evidence on that point.

In the last analysis, then, defendants' Rule 702 argument amounts to a motion for partial summary judgment. Not only is that application too late, but it appears to be without merit. If there is sufficient evidence at trial of a lack of non-infringing alternatives, Mr. Gallagher's opinion would be appropriate. If there is not, it probably would be immaterial, at least in this respect, as a premise upon which it rests will not have been established.

Defendant's motion [docket item 135] is denied in all respects.

SO ORDERED.

Dated:   August 12, 2009

_____
Lewis A. Kaplan
United States District Judge